# **EXHIBIT A**

**⚡ EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

*Patricia M. Graves—Clerk of State Court*
*Bibb County, Georgia*

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

JONATHAN DURHAM

Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

## COMPLAINT

COMES NOW Jonathan Durham, Plaintiff, and makes and files this complaint against

Defendants SUMMITT TRUCKING, LLC ("SUMMITT"), THIRD COAST INSURANCE

COMPANY ("THIRD COAST"), and JOSEPH STRICKLAND, ("STRICKLAND") showing

this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that

took place on March 1, 2022 on Mercer University Drive in Bibb County, Georgia.

## PARTIES AND JURISDICTION

2.

Jonathan Durham is a citizen and resident of the State of Georgia and is subject to the

jurisdiction of this court.

3.

Defendant SUMMITT is a foreign corporation existing under the laws of the State of

Indiana with its principal place of business in the State of Indiana that transacts business in the

State of Georgia and was transacting business in relation to the motor-vehicle collision giving rise to this civil action. SUMMITT can be served with process through its registered agent, David Summitt, 1800 Progress Way, Clarksville, IN, 47129.

4.

Defendant THIRD COAST is an insurance corporation that transacts business in the state of Georgia. Defendant THIRD COAST can be served with process through its registered agent, Dee Leonard, 670 Wood Valley Trace, Roswell, GA 30076.

5.

Defendant STRICKLAND is an individual who was operating a vehicle in the state of Georgia and was involved in the collision described below. He may be served with process at his residence at 101 Mockingbird Circle, Shelbyville, KY, 40065. Once served with process, Defendant STRICKLAND will be subject to the jurisdiction and venue of this Court.

6.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

7.

Defendants are subject to the jurisdiction and venue of this Court.

## FACTS

8.

On March 1, 2022, Defendant STRICKLAND was operating his employer's 2020 tractor trailer in the left lane traveling east on Mercer University Drive in Macon, Georgia.

9.

On March 1, 2022, Plaintiff was operating his 1999 Mercury Grand Marquis in the right-hand lane traveling east on Mercer University Drive in Macon, Georgia.

2

10.

Defendant STRICKLAND proceeded to turn right from the left-hand lane into the parking lot of 4848 Mercer University Drive.

11.

PLAINTIFF, traveling in the right-hand lane on Mercer University Drive, was unable to stop and collided into the passenger side of the tractor trailer.

12.

PLAINTIFF suffered serious personal injuries and mental and physical pain as a result of the collision.

13.

In the moments before the collision, Defendant STRICKLAND was not operating the tractor trailer in a reasonable and prudent manner.

14.

Defendant STRICKLAND is solely responsible for causing the subject collision.

15.

PLAINTIFF did not cause or contribute to the subject collision.

## CLAIMS
### COUNTS I AND II – NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT STRICKLAND

16.

Plaintiff realleges and incorporates herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

17.

At all times material hereto, Defendant STRICKLAND was a professional driver.

3

18.

At all times material hereto, Defendant STRICKLAND was driving a commercial motor vehicle as defined under Georgia law.

19.

At all times material to this action, Defendant STRICKLAND had a legal duty to adhere to all Georgia traffic laws.

20.

At all times material to this action, Defendant STRICKLAND had a legal duty to adhere to all Georgia trucking safety regulations.

21.

At all times material to this action, Defendant STRICKLAND had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

22.

At all times material to this action, Defendant STRICKLAND had a legal duty to adhere to trucking industry standards.

23.

At all times material to this action, Defendant STRICKLAND had a duty to operate his commercial vehicle in a safe and prudent manner.

24.

At all times material to this action, Defendant STRICKLAND had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of PLAINTIFF and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and

4

operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

25.

Defendant STRICKLAND in the operation of the tractor trailer did the following among other things:

(a) Failed to keep a proper lookout;

(b) Failed to maintain his lane;

(c) Caused contact to occur between his tractor trailer and the vehicle PLAINTIFF was operating;

(d) Failed to drive defensively;

(e) Failed to operate the tractor trailer in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and PLAINTIFF in particular, in grave danger;

(f) Failed to adhere to safe driving principles expected of professional drivers;

(g) Failed to operate the tractor trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(h) Failed to operate the tractor trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

(i) Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

26.

Defendant STRICKLAND breached his duties and was negligent in at least one or more of the respects described in paragraph 21 above.

5

27.

Additionally, Defendant STRICKLAND'S conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-48 (failure to maintain lane); O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property), and O.C.G.A. § 40-6-123 (Turning movements; signals required on turning, changing lanes, slowing, or stopping)  Each such violation constitutes negligence *per se*.

28.

Defendant STRICKLAND was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

29.

As a direct and proximate result of Defendant STRICKLAND'S negligence, PLAINTIFF suffered severe personal injuries.

30.

As a direct and proximate result of Defendant STRICKLAND'S negligence, PLAINTIFF incurred pain and suffering, medical expenses, and lost wages.

31.

Defendant STRICKLAND is liable to PLAINTIFF for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by PLAINTIFF as a direct and proximate result of his negligence.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT SUMMITT TRUCKING LLC

32.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

33.

At all times material hereto, Defendant STRICKLAND was an employee of Defendant SUMMITT.

34.

At all times material hereto, Defendant STRICKLAND was an agent of Defendant SUMMITT.

35.

At all times material hereto, Defendant STRICKLAND was acting within the course and scope of his employment with Defendant SUMMITT.

36.

At all times material hereto, Defendant STRICKLAND was acting within the course and scope of his agency with Defendant SUMMITT.

37.

At all times material hereto, Defendant STRICKLAND was operating a commercial vehicle under the motor carrier authority of Defendant SUMMITT.

38.

At all times material hereto, Defendant STRICKLAND was operating a commercial vehicle in furtherance of the business and financial interests of Defendant SUMMITT.

7

39.

Defendant SUMMITT is liable for the negligent actions and omissions of Defendant STRICKLAND pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

40.

As a direct and proximate result of Defendant STRICKLAND'S negligence for which Defendant SUMMITT is liable, PLAINTIFF suffered severe personal injuries.

41.

As a direct and proximate result of Defendant STRICKLAND'S negligence for which Defendant SUMMITT is liable, PLAINTIFF incurred pain and suffered, medical expenses, and lost wages.

42.

Defendant SUMMITT is liable to PLAINTIFF for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by PLAINTIFF as a direct and proximate result of his negligence.

## COUNT IV: NEGLIGENCE OF DEFENDANT SUMMITT TRUCKING, LLC

43.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

44.

At all relevant times, Defendant SUMMITT was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

45.

At all relevant times, Defendant SUMMITT was a motor carrier as defined by Georgia

8

,

law.

46.

At all relevant times, Defendant SUMMITT had a legal duty to comply with the Federal

Motor Carrier Safety Regulations.

47.

At all relevant times, Defendant SUMMITT had a legal duty to comply with Georgia's

trucking safety regulations.

48.

At all relevant times, Defendant SUMMITT had a legal duty to comply with all trucking

industry standards and practices.

49.

As an employer and motor carrier, Defendant SUMMITT had a duty to act in a

reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising,

and retaining of Defendant STRICKLAND.

50.

Defendant SUMMITT breached the aforementioned duties and was negligent in

connection with hiring, qualifying, training, entrusting, supervising, and retaining Defendant

STRICKLAND.

51.

Defendant SUMMITT was negligent in the ways described above and was otherwise

negligent as shall be added by amendment or proven at trial.

52.

As a direct and proximate result of Defendant SUMMIT'S negligence, PLAINTIFF

9

suffered severe personal injuries.

53.

Defendant SUMMITT is liable for all damages allowed by law for the injuries, damages and losses sustained by PLAINTIFF in this case.

## COUNT V: DIRECT ACTION AGAINST THIRD COAST INSURANCE COMPANY

54.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

55.

Defendant THIRD COAST provided liability coverage for the tractor trailer involved in the collision and SUMMITT'S employees and/or agents, including Defendant STRICKLAND.

56.

Defendant THIRD COAST was transacting business in the State of Georgia and in Bibb County on the date of the subject collision and at all material times hereto.

57.

Defendant THIRD COAST agreed to provide insurance coverage to Defendants STRICKLAND and/or SUMMITT in consideration for the payment of insurance premiums.

58.

PLAINTIFF as a member of the public injured due to a motor carrier's negligence is a third-party beneficiary to the agreement between Defendant THIRD COAST and Defendants SUMMITT and STRICKLAND.

59.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant THIRD COAST

10

is subject to this Direct Action.

60.

PLAINTIFF is entitled to receive payments from THIRD COAST for the tort liability of Defendants SUMMITT and STRICKLAND upon a judgment in this matter.

## DAMAGES

61.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

62.

As a proximate result of the negligence of Defendants STRICKLAND and/or SUMMITT PLAINTIFF suffered severe physical injuries.

63.

As a proximate result of the negligence of Defendants STRICKLAND and/or SUMMITT, PLAINTIFF has endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, disability, disfigurement, impairment of his body's health and vigor, fear of the extent of his injuries, limitations on his activities, and limitations on his independence.

64.

As a proximate result of the negligence of Defendants STRICKLAND and/or SUMMITT, PLAINTIFF has incurred past medical expenses and will continue to incur medical expenses in the future related to this collision.

65.

As a proximate result of the negligence of Defendants STRICKLAND and/or SUMMITT, PLAINTIFF incurred lost wages and will continue to incur lost wages in the future.

66.

DEFENDANTS are liable to PLAINTIFF for all injuries and damages allowed by law including all past and future damages set forth above.

## COUNT VI: PUNITIVE DAMAGES

67.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

68.

The actions of Defendants STRICKLAND and SUMMITT were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

69.

Accordingly, Defendants STRICKLAND and/or SUMMITT, are liable to PLAINTIFF for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future

**WHEREFORE**, Plaintiff prays that she has a jury trial on all issues and obtain a judgment against Defendants and the following relief:

a.   That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

b.   That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.      That Plaintiff recover her reasonable attorney fees and expenses in an amount to

be proven at trial;

d.      That Plaintiff recover punitive damages in an amount to be determined by the

enlightened conscience of a jury; and

e.      That Plaintiff recover such other and further relief as is just and proper.

This 19 day of April 2022

FRIED GOLDBERG LLC

BRAD W. THOMAS
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:      404-591-1800
FACSIMILE:      404-591-1801
E-MAIL:      BRAD@FRIEDGOLDBERG.COM

13

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   22-SCCV-094133

Durham, Jonathan

---

**PLAINTIFF**
                                                    **VS.**

Summitt Trucking, LLC
Strickland, Joseph
Third Coast Insurance Company

---

**DEFENDANTS**

**SUMMONS**

TO: STRICKLAND, JOSEPH

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Bradford Thomas**
**Fried Goldberg LLC**
**3550 Lenox Road NE**
**Suite 1500**
**Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of April, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>22-SCCV-094133</u>

Durham, Jonathan

_____

**PLAINTIFF**

**VS.**

Summitt Trucking, LLC
Strickland. Joseph
Third Coast Insurance Company

_____

**DEFENDANTS**

**SUMMONS**

TO: SUMMITT TRUCKING, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Bradford Thomas**
> **Fried Goldberg LLC**
> **3550 Lenox Road NE**
> **Suite 1500**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of April, 2022.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

# STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  22-SCCV-094133

Durham, Jonathan

---

**PLAINTIFF**

**VS.**

Summitt Trucking, LLC
Strickland, Joseph
Third Coast Insurance Company

---

**DEFENDANTS**

**SUMMONS**

TO: THIRD COAST INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Bradford Thomas**
**Fried Goldberg LLC**
**3550 Lenox Road NE**
**Suite 1500**
**Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of April, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

Patricia M. Gravely Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA**

JONATHAN DURHAM

               Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

               Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT JOSEPH STRICKLAND

COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-36 hereby propounds the following Requests for Admission to Defendant Joseph Strickland ("STRICKLAND") for response within forty-five days from the date of service.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

2. "**You**," "**Your**," or "**STRICKLAND**" means Defendant Joseph Strickland.

3. "**SUMMITT**" means Defendant Summit Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or on their behalf.

4. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Joseph Strickland at the time of the Subject Collision.

5. "**Plaintiff**" or "**DURHAM**" means Plaintiff Jonathan Durham.

## **REQUESTS FOR ADMISSION**

1.

STRICKLAND is a proper party to this lawsuit.

2.

STRICKLAND is properly named in this lawsuit.

3.

Service was proper on STRICKLAND in this case.

4.

STRICKLAND is subject to the jurisdiction of this Court.

5.

Venue is proper as to STRICKLAND in this Court.

6.

STRICKLAND operated the Tractor-Trailer that was involved in the Subject Collision.

7.

On March 1, 2022, the Tractor-Trailer being operated by STRICKLAND was a commercial motor vehicle.

8.

The Tractor-Trailer being operated by STRICKLAND at the time of the Subject Collision is owned by SUMMITT.

9.

There was no mechanical or other problem with the Tractor-Trailer that was present at the time of the Subject Collision.

2

10.

To your knowledge, no mechanical or other problem with the Tractor-Trailer caused or contributed to the Subject Collision.

11.

STRICKLAND was an employee of SUMMITT at the time of the Subject Collision.

12.

STRICKLAND was acting within the course and scope of his employment with SUMMITT at the time of the Subject Collision.

13.

At the time of the Subject Collision, STRICKLAND was working under the control and authority of SUMMITT.

14.

At the time of the Subject Collision, STRICKLAND had SUMMITT's permission to operate the Tractor-Trailer.

15.

At the time of the Subject Collision, STRICKLAND was operating the Tractor-Trailer consistent with how he was trained by SUMMITT. .

16.

At the time of the Subject Collision, STRICKLAND was operating the Tractor-Trailer contrary to the training he received by SUMMITT.

17.

At the time of the Subject Collision, STRICKLAND was operating the Tractor-Trailer in accord with the policies and procedures of SUMMITT.

3

18.

At the time of the Subject Collision, STRICKLAND was violating company policies and procedures of SUMMITT.

19.

At the time of the Subject Collision, STRICKLAND was not acting in a reasonable and prudent manner in operating the Tractor-Trailer.

20.

STRICKLAND is fully responsible for causing the Subject Collision.

21.

STRICKLAND is partially responsible for causing the Subject Collision.

22.

Plaintiff has no responsibility for causing the Subject Collision.

23.

No person or entity other than STRICKLAND has responsibility for causing the Subject Collision.

24.

STRICKLAND was terminated as a result of the Subject Collision.

25.

STRICKLAND was disciplined as a result of the Subject Collision.

26.

Plaintiff was a member of the public at the time of the Subject Collision on March 1, 2022.

4

SERVED WITH COMPLAINT

**FRIED GOLDBERG LLC**

**BRAD W. THOMAS**
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM

5

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

*[signature]*
Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

JONATHAN DURHAM

               Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

               Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT
## SUMMITT TRUCKING LLC

      COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant to

O.C.G.A. § 9-11-36 hereby propounds the following Requests for Admission to Defendant

Summitt Trucking, LLC ("SUMMITT") for response within forty-five days from the date of

service.

## DEFINITIONS

      As used herein, the terms listed below are defined as follows:

    1. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

    2. "**You**," "**Your**," or "**SUMMITT**" means Defendant Summitt Trucking, LLC and includes

its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or

purporting to act for them or on their behalf.

    3. "**STRICKLAND**" means Defendant Joseph Strickland.

    4. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Joseph

Strickland the time of the Subject Collision.

5. "**Plaintiff**" or "**STRICKLAND**" means Plaintiff Joseph Strickland.

## REQUESTS FOR ADMISSION

1.

SUMMITT is a proper party to this lawsuit.

2.

SUMMITT is properly named in this lawsuit.

3.

Service was proper on SUMMITT in this case.

4.

SUMMITT is subject to the jurisdiction of this Court.

5.

Venue is proper as to SUMMITT in this Court.

6.

SUMMITT is a motor carrier as defined by Georgia law and regulations.

7.

SUMMITT was a motor carrier as defined by Georgia law and regulations at the time of the Subject Collision.

8.

STRICKLAND operated the Tractor-Trailer that was involved in the Subject Collision.

9.

On March 1, 2022, the Tractor-Trailer being operated by STRICKLAND was a commercial motor vehicle.

2

10.

The Tractor-Trailer being operated by STRICKLAND at the time of the Subject Collision is owned by SUMMITT.

11.

There was no mechanical or other problem with the Tractor-Trailer that was present at the time of the Subject Collision.

12.

No mechanical or other problem with the Tractor-Trailer caused or contributed to the Subject Collision.

13.

At the time of the Subject Collision, STRICKLAND had SUMMITT's permission to operate the Tractor-Trailer.

14.

STRICKLAND was an employee of SUMMITT at the time of the Subject Collision.

15.

STRICKLAND was acting within the course and scope of his employment with SUMMITT at the time of the Subject Collision.

16.

At the time of the Subject Collision, STRICKLAND was working under the control and authority of SUMMITT.

17.

At the time of the Subject Collision, STRICKLAND had SUMMITT's permission to

3

operate the Tractor-Trailer.

18.

The Subject Collision occurred on Mercer University Drive in Bibb County, Georgia.

19.

At the time of the Subject Collision, STRICKLAND was operating the Tractor-Trailer consistent with how he was trained by SUMMITT.

20.

At the time of the Subject Collision, STRICKLAND was operating the Tractor-Trailer contrary to the training he received by SUMMITT.

21.

At the time of the Subject Collision, STRICKLAND was operating the Tractor-Trailer in accord with the policies and procedures of SUMMITT.

22.

At the time of the Subject Collision, STRICKLAND was violating company policies and procedures of SUMMITT.

23.

At the time of the Subject Collision, STRICKLAND was not acting in a reasonable and prudent manner in operating the Tractor-Trailer.

24.

In the moments leading up to the Subject Collision, STRICKLAND was not keeping a proper lookout ahead.

25.

STRICKLAND is fully responsible for causing the Subject Collision.

4

26.

STRICKLAND is partially responsible for causing the Subject Collision.

27.

Plaintiff has no responsibility for causing the Subject Collision.

28.

No person or entity other than STRICKLAND has responsibility for causing the Subject Collision.

29.

STRICKLAND was terminated as a result of the Subject Collision.

30.

STRICKLAND was disciplined as a result of the Subject Collision.

31.

Plaintiff was a member of the public at the time of the Subject Collision on March 1, 2022.

SERVED WITH COMPLAINT

**FRIED GOLDBERG LLC**

**BRAD W. THOMAS**
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM

5

✎ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

Patricia M Graves-Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

JONATHAN DURHAM

          Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

          Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANT THIRD COAST INSURANCE COMPANY

COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant to

O.C.G.A. § 9-11-36 hereby propound the following Request for Admission to Defendant Third

Coast Insurance Company ("THIRD COAST") for response within thirty days from the date of

service.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Subject Collision**" means the collision that is the subject of this lawsuit that occurred on

Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

2. "**You**," "**Your**," or "**THIRD COAST**" means Defendant Third Coast Insurance Company

and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was

acting or purporting to act for them or on their behalf.

3. "**STRICKLAND**" means Defendant Joseph Strickland.

4. "**SUMMITT**" means Defendant Summitt Trucking, LLC and includes its agents,

representatives, attorneys, and anyone who, at the relevant times, was acting or purporting

to act for them or on their behalf.

5. The "**Tractor-Trailer**" means the tractor-trailer being operated by Joseph Strickland at the time of the Subject Collision.

6. "**Plaintiff**" or "**DURHAM**" means Plaintiff Jonathan Durham.

### REQUESTS FOR ADMISSION

1.

THIRD COAST is a proper party to this lawsuit.

2.

THIRD COAST is properly named in this lawsuit.

3.

Service was proper on THIRD COAST in this case.

4.

THIRD COAST is subject to the jurisdiction of this Court.

5.

Venue is proper as to THIRD COAST in this Court.

6.

SUMMITT is a motor carrier as defined by Georgia law and regulations.

7.

SUMMITT was a motor carrier as defined by Georgia law and regulations at the time of the Subject Collision.

8.

The USDOT number for SUMMITT is 912424.

2

9.

On March 1, 2022, SUMMITT was the owner of the Tractor-Trailer involved in the Subject Collision.

10.

STRICKLAND operated the Tractor-Trailer that was involved in the Subject Collision.

11.

STRICKLAND was an employee of SUMMITT at the time of the Subject Collision.

12.

STRICKLAND was an agent of SUMMITT at the time of the Subject Collision.

13.

STRICKLAND was acting within the course and scope of his employment with SUMMITT at the time of the Subject Collision.

14.

STRICKLAND was acting within the course and scope of his agency with SUMMITT at the time of the Subject Collision.

15.

At the time of the Subject Collision, STRICKLAND was working under the control and authority of SUMMITT.

16.

At the time of the Subject Collision, STRICKLAND had SUMMITT's permission to operate the Tractor-Trailer.

3

17.

DURHAM was a member of the public at the time of the Subject Collision on March 1, 2022.

18.

THIRD COAST provided a policy of indemnity/liability insurance to SUMMITT that covered STRICKLAND and the Tractor-Trailer involved in the Subject Collision.

19.

The insurance policy THIRD COAST provided to SUMMITT was in effect on March 1, 2022.

20.

The Subject Collision occurred within the policy period of the insurance policy issued by THIRD COAST to SUMMITT.

21.

THIRD COAST is subject to suit by direct action in the above-referenced case pursuant to the provisions of O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112.

22.

All prerequisites and pre-conditions necessary for Plaintiff to maintain a direct action against THIRD COAST pursuant to the provisions of O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112 have been met in this case and no additional proof is needed.

23.

THIRD COAST is liable to pay Plaintiff for any judgment rendered in this civil action in their favor against SUMMIT and/or STRICKLAND up to and including the policy limits of the insurance policy issued by THIRD COAST to SUMMITT.

4

SERVED WITH COMPLAINT

FRIED GOLDBERG LLC

BRAD W. THOMAS
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:     404-591-1800
FACSIMILE:     404-591-1801
E-MAIL:     BRAD@FRIEDGOLDBERG.COM

5

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

*[signature]*
Patricia M. Gravel Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

JONATHAN DURHAM

        Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

        Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### JOSEPH STRICKLAND

COMES NOW, Joseph Strickland, Plaintiff in the above-captioned lawsuit and pursuant

to O.C.G.A. § 9-11-33 hereby propounds the following Interrogatories to Defendant Joseph

Strickland ("STRICKLAND") for response within forty-five days from the date of service.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and

video recording. The term includes material in all forms, including printed, written, recorded, or

other. The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).

This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda,

stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices,

statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses,

publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

2

4. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

5. "**You**," "**Your**," or "**STRICKLAND**" means Defendant Joseph Strickland.

6. "**SUMMITT**" means Defendant Summitt Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or on their behalf.

7. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Joseph Strickland at the time of the Subject Collision.

8. "**Plaintiff**" or "**DURHAM**" means Plaintiff Joseph Strickland.

9. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

10. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

11. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa;

3

and (iii) "**any**" includes "all," and "**all**" includes "any."

12.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

1.

State your full name, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and explain why you changed names or went by more than one name.

2.

For each cell phone you had in your possession on the date of the Subject Collision please provide the phone number and provider. This Interrogatory is meant to apply to any cell phone you used or possessed on the date of the Subject Collision including but not limited to all cell phones owned by you; all cell phones you used that are owned by other people; and all cell phones provided to you by your employer.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

Please provide your marriage history including the dates of any marriages, the names of

4

any spouses and the dates and jurisdiction of any divorces.

5.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

6.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

7.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending. For each person, identify their employer, job position, age and how they are related to you. This information is needed for jury selection purposes.

8.

Identify each school you have attended starting with high school and provide the dates you attended, whether or not you graduated and your major or focus of study.

9.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

10.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past 15 years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the

5

reason you left.

11.

Identify all motor vehicle collisions that you have been involved in during the past 15 years and including in your answer for each collision a description of what happened during the collision; where the collision occurred (including but not limited to the city, county, state and roadway); the names of the other individuals involved in the collision; who was at fault in the collision; whether any citations were issued and by what jurisdiction; and whether there were any injuries.

12.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

13.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

14.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

6

15.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

16.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

## INSURANCE

17.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## YOU AND SUMMITT

18.

Identify your primary supervisor(s) and manager(s) at SUMMITT at the time of the Subject Collision.

19.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf

7

of SUMMITT, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose (including any phone calls you made on your personal cell phone).

<div align="center">20.</div>

Were you an employee or agent of SUMMITT working in the course and scope of your employment or agency at the time of the Subject Collision? If not, please explain your answer.

<div align="center">**SUBJECT COLLISION**</div>

<div align="center">21.</div>

Explain your understanding of <u>how</u> and <u>why</u> the Subject Collision occurred including in your answer specific details and the proper sequence of events, whether you maintain that any non-party has any responsibility of any kind for causing the Subject Collision and/or the damages alleged in the Complaint and a detailed description of your basis for your position including the identity of all person(s) who have any knowledge regarding this issue.

<div align="center">22.</div>

If you maintain that Plaintiff or anyone else has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

<div align="center">23.</div>

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements, and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement or account.

<div align="center">8</div>

24.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other Collisions, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

### MISCELLANEOUS

25.

Identify each person you may use at trial to present expert testimony. For each such person, please provide a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

SERVED WITH COMPLAINT

**FRIED GOLDBERG LLC**

**BRAD W. THOMAS**
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM

9

✎ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

Patricia M Gravois-Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JONATHAN DURHAM | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v | |
| SUMMITT TRUCKING, LLC, THIRD COAST INSURANCE COMPANY, and JOSEPH STRICKLAND, | CIVIL ACTION FILE NO. |
| Defendants. | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT SUMMITT TRUCKING, LLC

COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-33 hereby propounds the following Interrogatories to Defendant Summitt Trucking, LLC ("SUMMITT") for response within forty-five days from the date of service.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses,

publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

2

4. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

5. "**You**," "**Your**," or "**SUMMITT**" means Defendant Summitt Trucking, LLC, and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or on their behalf.

6. "**STRICKLAND**" means Defendant Joseph Strickland.

7. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Joseph Strickland at the time of the Subject Collision.

8. "**Plaintiff**" or "**DURHAM**" means Plaintiff Jonathan Durham.

9. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

11. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

## SUMMITT INFORMATION

3

1.

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people: (a) The Safety Director/Chief Safety Officer for SUMMITT on the date of the Subject Collision and now; and (b) The person(s) primarily responsible for compliance with state and federal safety regulations at SUMMITT on the date of the Subject Collision and now.

**INSURANCE**

3.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for the damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**INVESTIGATION OF SUBJECT COLLISION**

4.

Describe in detail when and how you first became aware that STRICKLAND was involved in the Subject Collision including in your answer the identity of all persons involved in

4

the investigation of the Subject Collision, their role and position and what information was conveyed.

<div align="center">5.</div>

Explain your understanding of how and why the Subject Collision occurred including in your answer specific details and the proper sequence of events, whether you maintain that any non-party has any responsibility of any kind for causing the Subject Collision and/or the damages alleged in the Complaint and a detailed description of your basis for your position including the identity of all person(s) who have any knowledge regarding this issue.

<div align="center">6.</div>

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom SUMMITT believes may have relevant testimony of any kind in connection with this case.

<div align="center">7.</div>

If you maintain that Plaintiff or anyone else has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

<div align="center">8.</div>

If SUMMITT performed an accident review or incident review of any kind with respect to the Subject Incident, identify all person(s) involved, all documents and information reviewed,

<div align="center">5</div>

and all determinations made, or conclusions reached.

### VEHICLE DATA

9.

(a)    Identify all systems and devices in or on the Tractor-Trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind. (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(b)    With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting.

(c)    With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision.

(d)    With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with

6

the Subject Incident and explain why not and explain whether it is still possible to obtain this material.

## TRIP INFORMATION

10.

With respect to the stops/deliveries that STRICKLAND was scheduled to make within the 24 hours before the subject collision, please identify: the name and address of all stop/delivery location(s); what was to be delivered; and the time the load was to be delivered.

11.

If SUMMITT performs audits on drivers' hours of service, explain what is entailed in the auditing process including but not limited to identifying all documents and data that is used, the person(s) who performs the audit, whether STRICKLAND's logs were audited and all HOS violations of which you were aware for STRICKLAND while he was working with your company.

## DRIVER INFORMATION

12.

Explain the relationship between SUMMITT and STRICKLAND at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary or other) and when the relationship began and ended.

13.

Identify all persons who were involved in the following and for each person identified, explain their role and involvement:

    a. Hiring and driver qualification of STRICKLAND

7

   b.  Driver orientation and training of STRICKLAND

   c.  Supervision of STRICKLAND on the date of the Subject Collision

   d.  Discipline of STRICKLAND (including termination if applicable)

14.

Explain all steps SUMMITT undertook to determine if STRICKLAND was qualified to operate vehicles including commercial motor vehicles as part of his employment with SUMMITT (this includes at the time he was hired and throughout his relationship with SUMMITT).

15.

If you maintain that STRICKLAND was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

16.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by SUMMITT regarding STRICKLAND at any time.

17.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of SUMMITT to STRICKLAND at any time and in any way related to the operation of a commercial motor vehicle.

18.

Identify all traffic violations committed by STRICKLAND of which you are aware.

19.

For each motor vehicle accident involving STRICKLAND of which you are aware,

8

provide the accident date, location, jurisdiction, names of other parties involved and a brief description of what happened. "Accident" herein means any unintentional contact between a vehicle being operated by STRICKLAND and any other vehicle, object, or person.

20.

If STRICKLAND has ever been disqualified from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

21.

Identify and explain all communications of any kind between STRICKLAND and anyone acting for or on behalf of SUMMITT during the twenty-four (24) hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

### REGULATIONS AND POLICIES

22.

If you maintain that the Federal Motor Carrier Safety Regulations as adopted by the State of Georgia did not apply to STRICKLAND at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

23.

Identify all SUMMITT policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for STRICKLAND at the time of the Subject Collision.

24.

Identify all SUMMITT policies, procedures, rules, guidelines, directives, manuals, handbooks, instructions, and training applicable to STRICKLAND regarding driving, defensive

9

driving, hazard perception and reaction, visual search, driver distraction and use of cell phones.

<div align="center">

**MISCELLANEOUS**

25.

</div>

Identify each person you may use at trial to present expert testimony. For each such person, please provide a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

SERVED WITH COMPLAINT

**FRIED GOLDBERG LLC**

**BRAD W. THOMAS**
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH
APR 19, 2022 12:42 PM

Patricia M Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

JONATHAN DURHAM

        Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

        Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOSEPH STRICKLAND

COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant to

O.C.G.A. § 9-11-34 hereby propounds the following Requests for Production of Documents to

Defendant Joseph Strickland ("STRICKLAND") for response within forty-five days from the date

of service.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video

recording. The term includes material in all forms, including printed, written, recorded, or other.

The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).

This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda,

stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements,

bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins; notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

4. "**You**," "**Your**," or "**STRICKLAND**" means Defendant Joseph Strickland.

5. "**SUMMITT**" means Defendant Summitt Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or on their behalf.

6. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Joseph Strickland at the time of the Subject Collision.

7. "**Plaintiff**" or "**DURHAM**" means Plaintiff Joseph Durham.

8. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used

2

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

9.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

11.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### General

**REQUEST NO. 1:**    A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to you.

**REQUEST NO. 2:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

3

**REQUEST NO. 3:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

## YOUR INFORMATION

**REQUEST NO. 4:**   All documents setting forth the relationship between you and SUMMITT. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 5:**   A copy of all documents in your possession that relate to your qualifications to operate the Tractor-Trailer or any commercial vehicle.

**REQUEST NO. 6:**   A copy of all documents in your possession that relate to work you have done for any trucking company or motor carrier in the past seven years. This includes any documents you prepared for any trucking company or motor carrier and any documents you ever received from any trucking company.

**REQUEST NO. 7:**   Copies of all medical certificates in your possession for the past seven years.

**REQUEST NO. 8:**   Copies of all blood and/or urine test results in your possession for the past seven years.

**REQUEST NO. 9:**   All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 10:**   All documents that relate in any way to your orientation or training at SUMMITT.

**REQUEST NO. 11:**   All documents in your possession that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 12:**   A copy of the front and back of every driver's license issued to you

4

(regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 13:** All documents giving you notice of any violation of any law, ordinance, or regulation by you.

**REQUEST NO. 14:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 15:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of SUMMITT directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:** A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**REQUEST NO. 17:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the Tractor-Trailer that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 18:** Copies of each MVR regarding you in your possession.

**REQUEST NO. 19:** Copies of each DAC report regarding you in your possession.

**REQUEST NO. 20:** Copies of each personnel file and employment-related file in your possession.

**REQUEST NO. 21:** Copies of all medical treatment records related to injuries sustained by you in during the Subject Collision.

5

**REQUEST NO. 22:** All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

**REQUEST NO. 23:** All correspondence and other communications of any kind between you and any other Defendant in this case.

<u>**Hours of Service Related Documents**</u>

**REQUEST NO. 24:** Copies of all hours of service logs or other time logs in your possession for the period beginning 30 days before the Subject Collision and ending 14 days following the Subject Collision.

**REQUEST NO. 25:** In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 7 days before the Subject Collision and ending 1 day following the Subject Collision.

**REQUEST NO. 26:** A copy of all audits and summaries of your logs.

**REQUEST NO. 27:** For the period beginning 8 days prior to the Subject Collision and ending 24 hours after the Subject Collision produce all of the following documents in your possession:

    (a) dispatch records;

    (b) fax transmissions;

    (c) mobile radio records;

    (d) pre-rate records;

    (e) wrecker or tow truck records;

    (f) pick-up and delivery records;

    (g) trip summaries;

    (h) delivery manifests;

6

(i)  credit card receipts;

(j)  toll tickets;

(k) fuel receipts;

(l)  weight tickets;

(m) fuel tax records;

(n) state entry and departure records;

(o) expense sheets;

(p) trailer interchange records;

(q) bills of lading;

(r)  manifests and waybills; and

(s)  rental contracts involving the vehicle.

**REQUEST NO. 28:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

## Load

**REQUEST NO. 29:**  All documents that relate, refer to and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## Subject Collision

**REQUEST NO. 30:**  Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 31:**  Copies of all documents sent by you to any person or entity (other

than your attorney's communications), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 32:** A copy of every document related to any investigation done by or on behalf of SUMMITT of the scene of the Subject Collision.

**REQUEST NO. 33:** All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 34:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 35:** All documents assessing preventability of and/or fault for the Subject Collision.

**REQUEST NO. 36:** Color or digital file copies of all photographs, video, computer simulations, and any other documents depicting:

    a.    Any vehicle involved in the Subject Collision;

    b.    Any person involved in the Subject Collision;

    c.    The scene of the Subject Collision;

    d.    Any evidence (roadway markings or other) relevant to the Subject Collision; and/or

    e.    Any other person, place, or thing relevant to the Subject Collision or which supports and refutes any of your contentions.

**REQUEST NO. 37:** Copies all reports relating to the Subject Collision in your possession custody and/or control.

**REQUEST NO. 38:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 39:** All tapes and transcripts of conversations, interviews, statements,

etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 40:** A copy of your cell phone records for the period beginning the day before the Subject Collision and ending the day after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.

### Governmental Contact and Intervention

**REQUEST NO. 41:** Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

### Policies and Procedures

**REQUEST NO. 42:** Copies of all handbooks and manuals provided to you by SUMMITT at any time.

**REQUEST NO. 43:** Copies of all policies, procedures, rules, guidelines, directives, and instructions ever given to you by SUMMITT.

### Miscellaneous

**REQUEST NO. 44:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

(a) A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

(b) A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

(c) A copy of the entire file of said expert;

9

(d) A current résumé or curriculum vitae for said expert; and

(e) All billing records and work logs for said expert.

**REQUEST NO. 45:**  A copy of any and all documents and other materials which support any contention that the Subject Collision was the fault of anyone other than you.

**REQUEST NO. 46:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 47:**  Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

SERVED WITH COMPLAINT

FRIED GOLDBERG LLC

BRAD W. THOMAS
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM

10

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA
22-SCCV-094133
JBH
APR 19, 2022 12:42 PM
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| JONATHAN DURHAM<br><br>Plaintiff,<br><br>v<br><br>SUMMITT TRUCKING, LLC, THIRD COAST INSURANCE COMPANY, and JOSEPH STRICKLAND,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO. |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SUMMITT TRUCKING, LLC**

COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. § 9-11-33 hereby propounds the following Requests for Production of Documents to Defendant Summitt Trucking, LLC ("SUMMITT") for response within forty-five days from the date of service.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices,

statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. **Subject Collision**" means the collision that is the subject of this lawsuit that occurred on Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

4. "**You**," "**Your**," or "**SUMMITT**" means Defendant Summitt Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or on their behalf.

5. "**STRICKLAND**" means Defendant Joseph Strickland.

6. The "**Tractor-Trailer**" means the tractor-trailer being operated by Defendant Joseph Strickland the time of the Subject Collision.

7. "**Plaintiff**" or "**DURHAM**" means Plaintiff Jonathan Durham.

8. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used

2

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

9.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

11.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**    A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to SUMMITT.

**REQUEST NO. 2:**    A copy of each document retention policy in effect for SUMMITT at any time between the time of the Subject Incident and present.

3

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident. This includes all primary, excess, and umbrella policies.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

<u>**DRIVER**</u>

**REQUEST NO. 5:**   All documents setting forth the relationship between STRICKLAND and SUMMITT. This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing STRICKLAND in any way including but not limited to STRICKLAND's driver qualification file, driver investigation file, driver history file, hiring file, personnel file, employment file, and any other documents that demonstrate compliance with federal and/or state driver qualification laws and regulations. The requested documents include, but are not limited to all documents related to the hiring, training, orientation, supervision, and discipline of STRICKLAND, all annual driver history inquires for STRICKLAND, all annual statements of violations from STRICKLAND, all medical certificates for STRICKLAND, all pre-employment drug and alcohol tests and results for STRICKLAND, all post-accident drug and alcohol tests and results for STRICKLAND, all random drug and alcohol test results for STRICKLAND, all documents reflecting investigation into STRICKLAND's past employers, all road tests for

4

STRICKLAND, and all documents relating to any motor vehicle incident or collision of any kind involving STRICKLAND.

**REQUEST NO. 7:**    All documents that relate in any way to your recruiting of STRICKLAND.

**REQUEST NO. 8:**    All documents that relate in any way to any orientation or training provided by SUMMITT to STRICKLAND. This includes but is not limited to all documents that show all training received by STRICKLAND; when, where and who provided the training, and all materials used for training.

**REQUEST NO. 9:**    Copies of all documents (a) explaining how STRICKLAND was compensated for the one month leading up to and including the date of the Subject Incident and extending one week after the date of the Subject Incident; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 10:**    A copy of the front and back of every driver's license issued to STRICKLAND (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 11:**    All documents placing you on notice of any violation by STRICKLAND of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 12:**    All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of STRICKLAND in your possession, custody and/or control.

**REQUEST NO. 13:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of SUMMITT directed to STRICKLAND for the purpose of teaching, counseling, disciplining, correcting or

5

otherwise managing STRICKLAND in any way relating to the safe operation of a commercial vehicle. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 14:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which STRICKLAND has been involved.

**REQUEST NO. 15:** Copies of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of STRICKLAND. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800...).

**REQUEST NO. 16:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that STRICKLAND was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident. This includes all devices, whether owned by STRICKLAND or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 17:** Copies of all documents prepared by STRICKLAND that describes the Subject Incident or the circumstances leading up to the subject incident.

## HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 18:** A copy of all STRICKLAND hours of service logs and any other driving logs and/or time sheets for the period beginning 30 days before the Subject Incident and ending 7 days following the Subject Incident.

**REQUEST NO. 19:** In addition to the documents responsive to the preceding Request,

6

produce all documents in your possession custody or control that demonstrate what STRICKLAND was doing for the time period beginning 7 days before the Subject Incident and ending two days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d. All documents evidencing any and all stops; and

e. All driver calls in reports and any other documentation of any communications between you and STRICKLAND.

7

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 20:** A copy of all audits and summaries of STRICKLAND's hours of service covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident.

## VEHICLE INFORMATION

**REQUEST NO. 21:** For the tractor involved in the Subject Incident, produce the following documents:

a. Title;

b. Registration;

c. Operators manual;

d. Maintenance Schedules;

e. All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f. All documents evidencing any inspections of the tractor during the 6 months before the Subject Incident;

g. All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Incident;

h. All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

i. All leases involving the vehicle;

8

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 22:** For the trailer involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance and service manuals;

e.      All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Incident;

f.      All documents evidencing any inspections of the trailer during the 6 months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Incident;

h.      All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

9

l.        Documents evidencing mileage and weight at time of the Subject Incident; and

m.       Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 23:**  If any video, data and/or communications of any kind is available (whether or not downloaded or retrieved) from the Truck or any part or system from the Truck (e.g., this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, on-board audio or video recording or monitoring system, or any other driver safety or monitoring system), please produce both the printout of the data and the data file in its original format.  This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 24:**  If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS, or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 25:** Produce copies of all e-mails between STRICKLAND and SUMMITT for the time period beginning 30 days prior to the Subject Incident to the present.

10

**REQUEST NO. 26:** To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 27:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 28:** Produce all documents provided to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt*(s)*, release*(s)*, assignment*(s)*, etc.

**REQUEST NO. 29:** For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Incident and ending one week after the Subject Incident.

**REQUEST NO. 30:** Produce all pre-trip inspection reports for the trip in question and one month prior to the date of the Subject Incident for the tractor and trailer.

<u>**LOAD**</u>

**REQUEST NO. 31:** All documents that relate to the load being hauled by STRICKLAND at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

11

## SUBJECT INCIDENT

**REQUEST NO. 32:**  A copy of every document related to any investigation done by or on behalf of SUMMITT of the scene of the Subject Incident.

**REQUEST NO. 33:**  All documents authored by anyone working for or on behalf of SUMMITT that set forth any facts relating to the Subject Incident (other than attorneys).

**REQUEST NO. 34:**  All documents that explain what caused the Subject Incident.

**REQUEST NO. 35:**  All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 36:**  Color or digital file copies of all photographs, video, computer simulations, and any other documents depicting:

    a.     Any vehicle involved in the Subject Incident;

    b.     Any person involved in the Subject Incident;

    c.     The scene of the Subject Incident; and/or

    d.     Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 37:**  Copies of all reports relating to the Subject Incident including those prepared by STRICKLAND and those prepared by anyone working for or on behalf of SUMMITT (except lawyers).

**REQUEST NO. 38:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 39:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

12

**REQUEST NO. 40:**  If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

  a. A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

  b. A copy of all reports and documents (as defined) of any kind generated by said board or entity;

  c. Documents evidencing who was on the board;

  d. Documents evidencing all criteria for review; and

  e. Determination of preventability and all other conclusions reached by said board or entity.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 41:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 42:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two years.

<u>POLICY AND PROCEDURES</u>

**REQUEST NO. 43:**  Copies of all SUMMITT's policies, procedures, rules, guidelines, directives, manuals, handbooks, instructions that were in effect and applied to STRICKLAND at the time of the Subject Incident including any and all materials that were used or disseminated during the training and orientation of STRICKLAND including any driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic

13

record or test, maintained by your company, or used by SUMMITT, its personnel, agents, or employees during the year of the Subject Incident and three years prior.

**REQUEST NO. 44:** Copies of each document that STRICKLAND signed to prove that he received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of SUMMITT.

### TRUCKING COMPANY

**REQUEST NO. 45:** Copy of documents showing the hierarchy of managerial positions at SUMMITT and who occupied such positions as of the time of the subject incident and presently.

**REQUEST NO. 46:** All company newsletters distributed during the time period beginning two years before the Subject Incident and present.

**REQUEST NO. 47:** Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 48:** A copy of SUMMITT's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 49:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

### MISCELLANEOUS

**REQUEST NO. 50:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.    A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

    b.    A copy of all documents (as that term is defined above) and items of any

14

kind generated or produced **by** said expert;

    c.      A copy of the entire file of said expert;

    d.      A current résumé or curriculum vitae for said expert; and

    e.      All billing records and work logs for said expert.

**REQUEST NO. 51:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than your driver.

**REQUEST NO. 52:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 53:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

SERVED WITH COMPLAINT

FRIED GOLDBERG LLC

BRAD W. THOMAS
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM

15

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094133**
JBH

APR 19, 2022 12:42 PM

Patricia M Graves Clerk of State Court
Bibb County, Georgia

### IN THE STATE COURT OF BIBB COUNTY
### STATE OF GEORGIA

JONATHAN DURHAM

        Plaintiff,

v

SUMMITT TRUCKING, LLC, THIRD COAST
INSURANCE COMPANY, and JOSEPH
STRICKLAND,

        Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT THIRD COAST INSURANCE COMPANY

COMES NOW, Jonathan Durham, Plaintiff in the above-captioned lawsuit and pursuant

to O.C.G.A. § 9-11-34 hereby propounds the following Requests for Production of Documents to

Defendant Third Coast Insurance Company ("THIRD COAST") for response within thirty days

from the date of service.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include

every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and

video recording. The term includes material in all forms, including printed, written, recorded, or

other. The term includes all files, records and data contained in any computer system, computer

component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).

This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda,

stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices,

statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. "**Subject Collision**" means the collision that is the subject of this lawsuit that occurred on Mercer University Drive on March 1, 2022 in Bibb County, Georgia.

4. "**You**," "**Your**," or "**THIRD COAST**" means Third Coast Insurance Company and includes his agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for him or on its behalf.

5. "**SUMMITT**" means Defendant Summitt Trucking, LLC and includes its agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for them or on their behalf.

6. "**STRICKLAND**" means Defendant Joseph Strickland.

7. The "**Tractor-Trailer**" means the tractor-trailer being operated by Joseph Strickland at the time of the Subject Collision.

2

8. "**Plaintiff**" or "**DURHAM**" means Plaintiff Jonathan Durham.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**  A copy of the statement you obtained from STRICKLAND regarding the subject collision.

**REQUEST NO. 2:**  A copy of any other statements obtained by you from anyone regarding the subject collision.

**REQUEST NO. 3:**  A copy of any photographs you took or obtained related to the subject collision including but not limited to those photographs depicting the scene of the subject collision, the vehicles involved in the subject collision, and the individuals involved in the subject collision.

**REQUEST NO. 4:**  A copy of all documents submitted by THIRD COAST to SUMMITT in order to obtain insurance coverage from THIRD COAST.

**REQUEST NO. 5:**  A copy of all documents reflecting THIRD COAST's investigation into SUMMITT and/or STRICKLAND'S driving and safety record.

**REQUEST NO. 6:**  A copy of THIRD COAST's entire underwriting file related to SUMMITT.

SERVED WITH COMPLAINT

FRIED GOLDBERG LLC

BRAD W. THOMAS
Georgia Bar No. 704680

*ATTORNEY FOR PLAINTIFF*

3

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:     404-591-1800
FACSIMILE:     404-591-1801
E-MAIL:        BRAD@FRIEDGOLDBERG.COM